UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE,  )<br>  )<br>     Plaintiff,  )<br>  )<br>  v.  )<br>  )<br> CUMBERLAND COUNTY SHERIFF,  )<br> et al.,  )<br>  )<br>     Defendants.  ) | 2:14-cv-00406-JAW |

**ORDER ON PENDING MOTIONS**

The matter is before the Court on Plaintiff's Motion for Reconsideration for Stay of Proceedings and Appointment of Counsel (ECF No. 25), and Plaintiff's Motion to Supplement Complaint (ECF No. 35).  As explained below, after consideration of the parties' written arguments, the Court denies the motion for reconsideration, and grants the motion to supplement.

**A.    Motion for Reconsideration of Stay of Proceedings and Appointment of Counsel (ECF No. 25)**

Through his motion for reconsideration, Plaintiff asks the Court to reconsider its denial of Plaintiff's request for a stay or an appointment of counsel.  Plaintiff maintains that conditions of confinement imposed at the Maine State Prison have prevented him from adequately prosecuting this matter.  Simply stated, Plaintiff has failed to present any persuasive evidence or argument to cause the Court to reconsider its decision denying his request for a stay.

As for the appointment of counsel, this is not a criminal case such that counsel might be appointed under 18 U.S.C. § 3006A.  Accordingly, to the extent that Plaintiff seeks the appointment of counsel based on his former status as a criminal defendant or on his current status as an inmate, Plaintiff is not entitled to counsel under section 3006A.

In addition, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). An appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

In this case, the law and facts relevant to Plaintiff's case are sufficiently straightforward and thus do not present "exceptional circumstances" that would warrant the appointment of counsel. Indeed, Plaintiff has consistently demonstrated that he has the ability to pursue civil litigation on his own behalf.

**B.      Motion to Supplement Complaint (ECF No. 35)**

Through his motion to supplement complaint, Plaintiff seeks an order that will permit him to supply the correct full names of certain defendants when the names are obtained through discovery and to assert new factual allegations, which are set forth in the motion as paragraphs numbered 42 through 48. Defendants do not object to the motion (see ECF No. 39). Accordingly, the Court grants the motion as follows: Plaintiff's complaint is amended to include paragraphs numbered 42 through 48 in the motion. Plaintiff is not required to file a separate amended complaint. Defendants shall file their responses to the amended complaint on or before June 15, 2015. In their responses to the amended complaint, Defendants can incorporate their prior answers

to Plaintiff's complaint, and respond separately to paragraphs 42 through 48.  In addition, on or before July 24, 2015 (i.e., 14 days after the close of discovery), Plaintiff may amend his complaint to provide the correct full names of the Defendants who are currently parties to this action.  In the event that Plaintiff so amends his complaint, Defendants are not required to file a response to the amended complaint.  Defendants' then existing response will be considered as Defendants' response to the amended complaint.

**C.     Conclusion**

Based on the foregoing analysis, the Court denies Plaintiff's Motion for Reconsideration for Stay of Proceedings and Appointment of Counsel (ECF No. 25), and grants Plaintiff's Motion to Supplement Complaint (ECF No. 35).

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of June, 2015.