UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, </br></br> Plaintiff, </br></br> v. </br></br> CUMBERLAND COUNTY SHERIFF, et al., </br></br> Defendants | 2:14-cv-00406-JAW |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on Plaintiff's Motion to Stay (ECF No. 62), Plaintiff's Motion to Amend Complaint (ECF No. 63), and Plaintiff's Motion to Extend Time to Submit Interrogatories (ECF No. 64). Defendants oppose the motions. After consideration of the parties' arguments, the Court denies Plaintiff's motion to stay, denies Plaintiff's motion to amend, and grants Plaintiff's motion to extend time.

1. **Motion to Stay**

Through his motion, Plaintiff asks the Court to stay the proceedings temporarily, citing his difficulty prosecuting the case due to certain medical conditions and the conditions at the facility to which he is currently assigned.[1] Defendants oppose Plaintiff's request. (ECF No. 67.)

The District Court has discretion to grant a temporary stay. *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.*

---

[1] Plaintiff, an inmate in federal custody, represents that he is currently assigned to "F.C.I. Ft. Dix." (Plaintiff's Motion at 1, ECF No. 62.)

First, Plaintiff has not provided a sufficient record from which the Court can assess the merit of his contention that his medical condition and the conditions at the facility to which he is assigned interfere with his ability to prosecute this action at this time.  Even if the Plaintiff presented corroborating evidence, however, a stay is not warranted.  To the extent Plaintiff has concerns about his ability to comply with certain deadlines, Plaintiff can seek an extension of time when appropriate.  In fact, the Court recently granted Plaintiff additional time to respond to Defendants' motion for sanctions (ECF No. 75.), and in this order will grant Plaintiff additional time to serve interrogatories.  In other words, the Court can address any issues Plaintiff might have with any particular deadlines on a case-by-case basis.  Under the circumstances, therefore, a stay is not necessary, and the denial of a stay will not result in a "hardship or inequity" to Plaintiff.  Finally, because a stay would result in an unnecessary delay in the case, the interests of judicial economy militate against a stay.  Accordingly, Plaintiff's motion to stay is denied.

### 2. Motion to Amend Complaint

Plaintiff seeks to amend his complaint to correct the names of some of the Defendants when he is "provided a list of all employees and contractors present in the Cumberland County Jail when [he] was present in said jail." (Plaintiff's Motion at 1, ECF No. 63.)  Plaintiff also maintains that an amendment is warranted because he "inadvertently omitted" to allege certain conduct of Defendant Harriman.  Plaintiff did not file a proposed amended complaint with his motion.

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints.  However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2).  In such a

case, the court is to grant leave to amend "freely" when "justice so requires." *Id.; see also Foman v. Davis,* 371 U.S. 178, 182 (1962).  The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings.  A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order.  To obtain an amendment of the scheduling order, a party must demonstrate good cause.  *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004).  "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).

In this case, the deadline for amendment of the pleadings has expired, and Plaintiff filed the motion two weeks before the expiration of the discovery period.  To the extent Plaintiff wants to amend his complaint to assert additional claims against Defendant Harriman, because such an amendment would potentially require additional investigation and discovery by both parties, the amendment would unnecessarily delay trial.  In addition, at this time, the Court perceives no need for an amendment to correct the names of the Defendants.  If it becomes necessary to correct the names of the Defendants who have been joined and who have participated in the case, the Court can correct the record to reflect the proper names of the Defendants.  Plaintiff's motion to amend, therefore, is denied.

3.  **Motion to Extend Time**

Through his motion, Plaintiff requests additional time within which to serve interrogatories upon Defendants. Citing the Court's order advising Plaintiff that he should "initiate [his] discovery sufficiently in advance of the discovery deadline of December 31, 2015, to permit Defendants an opportunity to respond to the discovery initiatives before the expiration of the discovery deadline" (ECF No. 61), Defendants object to the requested extension.

In support of his motion, Plaintiff contends that he has been unable to prepare and serve the interrogatories due to Defendants' failure to provide complete responses to earlier discovery requests. Regardless of the merit of Plaintiff's contention regarding Defendants' discovery responses, because Plaintiff made the request before the expiration of the discovery deadline, the Court will permit Plaintiff to serve interrogatories upon Defendants provided Plaintiff serves the interrogatories on or before February 26, 2016. By this order, however, the Court is not extending the discovery period generally. Instead, the Court authorizes Plaintiff to engage in limited discovery – i.e., the service of interrogatories – beyond the discovery period in accordance with this order.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of February, 2016.