UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:14-cv-00406-JAW |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR SANCTIONS**

This matter is before the Court on Defendants' motion for sanctions. (ECF No. 69.) Through their motion, Defendants ask the Court to dismiss Plaintiff's claim principally because, according to Defendants, Plaintiff failed to participate in his deposition as required by the Federal Rules of Civil Procedure. Plaintiff contends that Defendants' counsel never intended to conduct a legitimate deposition, but attempted to exploit Plaintiff's psychological vulnerabilities in order to support the instant motion for sanctions. (Response, ECF No. 106.)

After review of the parties' submissions, I recommend the Court deny the Defendants' request for dismissal.[1]

**Factual Background**

On November 18, 2015, the Court ordered Plaintiff to provide Defendants, on or before December 4, 2015, answers to Defendants' interrogatories and documents responsive to Defendants' requests for production. (ECF No. 61.) The Court further ordered Plaintiff's deposition to proceed on December 11, 2015. (*Id.*)

---

[1] If the Court adopts the recommendation, I anticipate that I will schedule a telephonic hearing on whether alternative sanctions are appropriate.

Defense counsel traveled to the Fort Dix, New Jersey Federal Correctional Facility to conduct Plaintiff's deposition on December 11. The deposition lasted approximately one hour. (Transcript, ECF No. 70.) At the beginning of the deposition, Plaintiff read a statement in which he asserted that he objected to all questions because he was "unable to make a comprehensive examination of discovery materials" and his "personal notes," and that authorities at FCI Fort Dix had denied him access to a computer to review discovery materials. (Transcript at 9 – 10.) "On another note," Plaintiff stated that recent events at FCI Fort Dix had exacerbated his post-traumatic stress disorder and panic disorder and had compromised his ability to act pro se. (*Id.* at 10.) Plaintiff stated that he would "endeavor to answer … questions … to the best of his ability." (*Id.*)

Following a series of preliminary questions and instructions, defense counsel acknowledged receipt of some documents from Plaintiff, but had not received Plaintiff's responses to the interrogatories the Court ordered Plaintiff to provide on or before December 5, 2015. (Transcript at 19.) Plaintiff maintained that the responses were sent in the same package as the other materials. Counsel maintained they were not included. (*Id.* at 20 – 22.) Plaintiff had in his possession a copy of his answers, unsworn, but did not allow counsel to take them, because he had only one copy. (*Id.* at 22.) Plaintiff did not permit counsel to ask anyone at FCI Fort Dix to make another copy. (*Id.* at 25 – 27.) Defense counsel then stated:

> I was supposed to have them no later than December 4. They've not been received and I will simply indicate on the record my – the fact that this deposition will be suspended and not completed today pending my receipt and review of these answers.
>
> These are some lengthy handwritten answers that it's not possible for me to properly review in the context of this deposition ….

(*Id.* at 27.)

Counsel then asked about Plaintiff's PTSD diagnosis and the matters that Plaintiff reported had upset him at Fort Dix. Plaintiff stated that the facility's requirement that he work in the kitchen interfered with his ability to manage and participate in his civil lawsuits, and as a result, he initiated grievance activity, and ultimately suffered a "meltdown." (*Id.* at 30 – 38.) When counsel asked more specifically about the events that led to the meltdown, Plaintiff became noncompliant and asserted that counsel was harassing him. Plaintiff, at times using vulgarity, maintained that counsel's questions were irrelevant and were intended to exploit Plaintiff's psychological vulnerabilities. Eventually, Plaintiff told counsel to "pack up," and counsel concluded the deposition for the day. (*Id.* at 38 – 62.)

Following the deposition, Plaintiff filed a motion requesting, inter alia, an order protecting him from any further questioning and striking his deposition from the record. (ECF No. 89.) The Court denied the motion. In its order, the Court noted:

> A review of the transcript of Plaintiff's deposition reveals that Defendants' counsel concluded the deposition as the result of Plaintiff's refusal to respond appropriately to questions regarding an incident at the Fort Dix Federal Correctional Institute. Plaintiff represented that the incident was the culmination of a conflict he had with Fort Dix officials, which incident caused him to decompensate mentally and experience emotional distress. Contrary to Plaintiff's argument, the deposition transcript does not reflect that Defendants' counsel posed questions designed to annoy, embarrass, or oppress Plaintiff.

(ECF No. 96 at 2.)

### Discussion

Defendants move for dismissal as a sanction for Plaintiff's failure to comply with the Court's discovery order that Plaintiff's deposition proceed on December 11, 2015. Federal Rule of Civil Procedure 37, which authorizes the Court to impose sanctions for a party's non-compliance with discovery orders, states in relevant part:

> (A) *For Not Obeying a Discovery Order.* If a party… fails to obey an order to provide or permit discovery, …the court …may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). "Dismissal is only one of the authorized forms of sanctions, and the district court 'should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young,* 330 F.3d at 81).

Defendants argue that under the circumstances, dismissal is the only sanction that can appropriately and effectively address Plaintiff's egregious conduct.  Plaintiff contends in part that his failure to complete the deposition was a product of post traumatic distress symptoms, and counsel's deliberate attempt to harass Plaintiff.

First, I cannot discern from the current record whether Plaintiff's alleged psychological condition contributed to his conduct during the deposition.  Regardless, however, of Plaintiff's psychological condition, Plaintiff's language and conduct during the deposition are unacceptable.  In addition, to the extent Plaintiff maintains that his conduct was the result of counsel's attempt to harass him, Plaintiff's contention is unsupported by the record.

Given Plaintiff's disrespectful conduct and his failure to comply with the Court's orders regarding discovery, Defendants' frustration and request for dismissal are understandable.  Indeed, Plaintiff's conduct raises legitimate concerns as to whether Plaintiff is prepared to follow the applicable rules of procedure and abide by the Court's orders.  Nevertheless, I am mindful that dismissal is an extreme sanction, and should be invoked cautiously.  In this case, while Plaintiff's conduct during the deposition should not be tolerated, dismissal is not warranted at this stage of the proceedings.  Instead, the Court can impose strict rules and alternative sanctions that would govern the course of the case, including Plaintiff's future conduct in discovery.  Plaintiff's failure to comply with the Court's specific rules could result in the dismissal of his claim.  *See Giancola v. JohnsonDiversey*, 157 Fed. App'x 320, 321 (1st Cir. 2005) (per curiam) (dismissal as discovery sanction appropriate where plaintiff's noncompliance was not an isolated incident and where the court had warned plaintiff that dismissal was a possible sanction.)

**Conclusion**

Based on the foregoing analysis, I recommend the Court deny Defendants' request for dismissal.[2]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of June, 2016.

---

[2] As mentioned earlier, if the Court adopts the recommendation, I anticipate that I will schedule a telephonic hearing to address whether alternative sanctions are warranted.