UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, | ) |
| Plaintiff | ) ) ) |
| v. | ) 2:14-cv-00406-JAW |
| CUMBERLAND COUNTY, et al., | ) ) ) |
| Defendants | ) ) |

**MEMORANDUM OF DECISION ON MOTION TO AMEND**

In this action, Plaintiff alleges, inter alia, that Defendants, most of whom are or were corrections officers employed at the Cumberland County Jail, subjected Plaintiff to excessive force during Plaintiff's pretrial detention in the jail. As part of his claim, Plaintiff asserts that Defendant Cumberland County is legally responsible for the deprivation of his constitutional rights as the result of the County's failure to train the individual Defendants on the use of force.

The matter is before the Court on Plaintiff's Motion to Amend his complaint. (ECF No. 105.) Following a review of Plaintiff's motion and the record, I deny the motion to amend.

**Background**

Through his latest motion to amend, in connection with his claim based on Defendants' failure to train on the use of force, Plaintiff requests leave to join as defendants (a) the law firm of Wheeler & Arey, P.A., Cassandra Shaffer, Esq., and Peter Marchesi, Esq., who have allegedly provided one or more training seminars attended by some of the Defendants, (b) the Maine County Commissioners Self-Funded Risk Management Pool, its directors, and Malcolm Ulmer,[1] who allegedly sponsored or coordinated the Wheeler & Arey training seminars, and (c) the Maine

---

[1] Mr. Ulmer evidently is a risk manager for the Risk Management Pool.

Criminal Justice Academy, who together are alleged by Plaintiff to have acted as a "complicit, symbiotic organization" and "nefarious, conspiratorial enterprise." (Proposed Am. Compl. at 24H, pp. 35 of 59, PageID # 798.) Plaintiff alleges not only that the proposed Defendants authorized the alleged actions that inform Plaintiff's § 1983 claim, but also that they comprise a racketeer influenced corrupt organization that has conspired to deprive Plaintiff of his civil rights. (*Id.* at 24D, pp. 31 of 59, PageID # 794.)[2] In support of his request for leave to amend to assert a claim against the lawyers and the risk pool, Plaintiff cites a Power Point presentation Attorney Marchesi gave during a training seminar entitled "Concepts in Corrections, Back to the Basics." (ECF No. 342-3.) One of the slides reflects the presentation was provided by the Maine County Commissioners Association Risk Pool in association with Peter Marchesi Corrections Consulting. (*Id.*)

Plaintiff also proposes to join the United States Marshal Service as a party. (Motion to Amend at 8 – 10.) In his proposed amended complaint, however, Plaintiff does not recite a claim against the Marshal Service.

The Court's Amended Scheduling Order established April 24, 2015, as the deadline for amendment of the pleadings and joinder of parties. (ECF No. 23.) The Court subsequently permitted Plaintiff to supplement his complaint by supplying the names of certain Doe Defendants on or before July 24, 2015, but denied Plaintiff leave to amend his complaint through a motion he filed December 14, 2015. (ECF Nos. 41, 80.) No further extension of the deadline has been authorized.

---

[2] Plaintiff apparently also attempts to assert claims against both existing and proposed defendants based on certain criminal statutes.

## Discussion

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

**A.     Good Cause**

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'"

*Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

A review of the record reveals Plaintiff cannot establish good cause for the filing of the motion to amend at this stage of the proceedings. First, although the Court will permit Defendants to conduct Plaintiff's deposition, discovery in this matter has closed. The amendment would necessarily require additional discovery, In addition, at the latest, Plaintiff was aware of the facts upon which he relies to support his claims against the Wheeler and Arey defendants when he sought to disqualify defense counsel in March 2015, more than a year before Plaintiff filed the motion to amend. Plaintiff was aware of the facts that he cites in support of his claims against the other proposed defendants even earlier. Given that discovery has closed and given that Plaintiff was aware of the asserted bases for the proposed amendment more than a year before he filed the motion, the record simply does not support the good cause necessary to permit the amendment at this stage of the proceedings.

**B.      Futility of Amendment**

Even if Plaintiff was able to demonstrate good cause, Plaintiff's proposed amended complaint would be futile.

### *1.      The proposed defendants and Plaintiff's existing § 1983 claims*

Pursuant to the federal civil rights statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

Plaintiff's claim is based on the conditions to which he was subjected while incarcerated at the Cumberland County jail. Significantly, none of the proposed defendants is alleged to be a direct participant in the alleged deprivations or a supervisor of the officers who allegedly were participants. Furthermore, none of the proposed defendants is responsible for the administration or operation of the Cumberland County Jail or for the establishment of jail policy and procedure.

In addition, under any established test for determining state action, the mere fact that the proposed Wheeler & Arey defendants provided training sessions at the request of the County does not make them state actors for purposes of 42 U.S.C. § 1983. *See Klunder v. Brown Univ.*, 778 F.3d 24, 30 (1st Cir. 2015) (discussing tests for state action). The facts are also insufficient to support a plausible inference that any of the proposed defendants was a "co-conspirator" with respect to any alleged deprivation of constitutional rights ever committed by an attendee of a training session conducted by the proposed Wheeler & Arey defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 – 81 (2009).[3]

Finally, the Maine Criminal Justice Academy is not a proper defendant on a § 1983 claim and also has immunity against Plaintiff's claim for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

### 2. RICO

The Racketeer Influenced and Corrupt Organizations Act (RICO) authorizes a civil claim for "[a]ny person injured in his business or property" as the result of a racketeering enterprise. 18

---

[3] As the Supreme Court observed when considering the conspiracy theory advanced by the plaintiff in *Ashcroft v. Iqbal*, "[i]t is the conclusory nature of [Plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

U.S.C. § 1964(c).  Such a claim "requires proof of several elements including the existence of a racketeering 'enterprise' and its conduct through a 'pattern' of racketeering activity." *Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n,* 610 F.3d 8, 11 (1st Cir. 2010) (citing 18 U.S.C. § 1961(4)-(5)).  Racketeering activity is defined to include a list of criminal offenses. 18 U.S.C. § 1961(1).

Assuming, arguendo, that Plaintiff's allegations describe an injury to his business or property, "[a] cardinal requirement of civil RICO liability is the allegation of the commission, or attempt or conspiracy to commit, defined predicate acts needed to establish 'a pattern of racketeering activity or collection of unlawful debt.'" *Mendez Internet Mgmt. Servs., Inc. v. Banco Santander de Puerto Rico*, 621 F.3d 10, 14 (1st Cir. 2010) (quoting 18 U.S.C. § 1962(c)).  Simply stated, Plaintiff's proposed RICO claim does not describe facts that would support a plausible finding that the existing or proposed defendants engaged in racketeering activity as that term is defined in federal law.  18 U.S.C. § 1961(1).

### 3. *Criminal statutes*

Plaintiff's proposed amended complaint attempts to expand on the claims asserted against the existing Defendants by alleging violations of federal criminal statutes, including 18 U.S.C. § 241 – 242, and § 1510.  The proposed criminal claims are futile because Plaintiff does not have standing to prosecute criminal charges against others.  *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241 – 242 (the criminal analogue of 42 U.S.C. § 1983)." (quoting *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989))); *see also Gage v. Wells Fargo Bank, N.A.*, 555 Fed. App'x 148, 151 (3d Cir. 2014) (affirming dismissal of "obstruction of criminal investigations" claim under 18 U.S.C. § 1510 because there is no such private cause of action).

### 4. *The Marshal Service*

Although Plaintiff's motion to amend suggests that Plaintiff intended to include a claim against the United States Marshal Service, Plaintiff did not assert in his proposed amended complaint any facts that would support a claim against the Marshal Service. In any event, as an agency of the United States, the Marshal Service is entitled to sovereign immunity from a damages suit on Plaintiff's constitutional claims. *McCloskey v. Mueller*, 446 F.3d 262, 272 (1st Cir. 2006).

### Conclusion

Based on the foregoing analysis, Plaintiff's Motion to Amend (ECF No. 105) is denied.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of July, 2016.