UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00406-JAW |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On December 30, 2015, the Defendants filed a motion for sanctions against James Stile, requesting that the Court dismiss the pending lawsuit due to Mr. Stile's failure or refusal to respond to questions from defense counsel during a court-ordered deposition on December 10, 2015. *Mot. for Sanctions* (ECF No. 69). Mr. Stile objected to the motion on April 25, 2016. *Pl.'s Resp. to Def.'s Mot. for Sanctions* (ECF No. 106). The Defendants replied on May 9, 2016. *Defs.' Reply in Support of Mot. for Sanctions* (ECF No. 110). The Magistrate Judge issued his Recommended Decision on June 27, 2016. *Recommended Decision on Defs.' Mot. for Sanctions* (ECF No. 131) (*Recommended Decision*). Both the Defendants and Mr. Stile objected to the Recommended Decision on July 25, 2016. *Defs.' Objection to Magistrate's Recommended Decision on Defs.' Mot. for Sanctions Fed. R. Civ. P. 72* (ECF No 139) (*Defs.' Objection*); *Pl.'s Objection to Magistrate Judge's Report and Recommendation*

as Pertains to (ECF No. 131) in the Above-Docketed Case* (ECF No. 141) (*Pl.'s Objection*).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the Magistrate Judge's recommendations for the reasons set forth in his Recommended Decision.

In doing so, the Court notes that the Magistrate Judge's Recommended Decision is narrow. The Magistrate Judge rejects only the Defendants' demand that the case be dismissed. The Magistrate Judge expressly left open the possibility that Mr. Stile's conduct merits the imposition of sanctions short of dismissal. In fact, following this Court's review, the Magistrate Judge intends to schedule a telephone conference to discuss what lesser sanctions should be imposed to control the future course of the litigation. *Recommended Decision* at 1 n.1, 5, 6 n.2.

The Court agrees with both the Magistrate Judge and the Defendants that Mr. Stile's conduct during the December 11, 2015 deposition was deplorable, especially since the Defendants scheduled Mr. Stile's deposition pursuant to a lawful order of this Court. *Report of Telephone Conf. and Order* at 1 (ECF No. 61). The First Circuit has observed that the courts "cannot function if litigants may, with impunity, disobey lawful orders." *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988). Typically, before dismissing a case, the courts will assess the nature of the litigant's violation, whether the conduct is part of a larger

pattern of non-compliance, and whether the litigant had been previously warned against such conduct and the potential consequence of dismissal. *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 94 (1st Cir. 2012) (noting that the plaintiffs were warned twice that if they failed to comply by a specific date, their case would be dismissed); *HMG Property Investors*, 847 F.2d at 916-18.

Here, the Magistrate Judge properly characterized Mr. Stile's conduct at the deposition as unacceptable, disrespectful, and egregious. The Court agrees with each of these characterizations. In addition, defense counsel traveled a long distance at considerable expense to his client secure in the knowledge that the deposition would proceed pursuant to court order. In light of the "totality of the circumstances," Mr. Stile is treading on thin legal ice. *Mulero-Abreu*, 675 F.3d at 93. Specifically, the Court warns Mr. Stile that future conduct of the sort evidenced in the deposition, including the use of foul and obscene language, the refusal to answer legitimate questions, and personal attacks against defense counsel, may well lead to the dismissal of this lawsuit. *Id.* at 94 ("[E]ven though the sanction of dismissal is reserved for a limited number of cases, it must be available so the trial courts may punish and deter egregious misconduct").

Although the Court appreciates the Defendants' frustration with Mr. Stile's conduct and the lack of an effective sanction given his impecunity, the Court observes that the Magistrate Judge has foreshadowed a series of restrictions that he may impose to make certain the remainder of the case proceeds in an orderly fashion.

The Court responds to Mr. Stile's objections. First, the Court disagrees with Mr. Stile that the Magistrate Judge mischaracterized his statement about objecting to all questions. *Pl.'s Objection* at 1. Mr. Stile read a statement into the record, which began: "Plaintiff objects to counsel's questions at this time." *Dep. Under Oral Examination of James Stile*, 8:25-9:1 (ECF No. 70) (*Stile Dep.*). He later stated that he would "endeavor to answer the questions of this deposition today," but expressly noted that he was doing so "[w]ithout waiving objection." *Id.* 10:15-11:4. The Magistrate Judge fairly interpreted these statement to posit a general objection to all questions. The Court agrees and overrules Mr. Stile's objection.

Second, Mr. Stile objects to the Magistrate Judge's statement that he did not permit counsel to ask anyone at FCI Fort Dix to make another copy of his answers to the Defendants' interrogatories. *Pl.'s Objection* at 2. Mr. Stile's objection is overruled. During the deposition the following interchange took place:

> Q. If - - Mr. Stile, I'm looking at your handwritten Interrogatory answers here. If I am able to convince somebody here to make a photocopy of this, do you have any objection to that?
>
> A. Yeah, I would.

*Stile Dep.* 25:22-26:2. It is true that later Mr. Stile said that he did not have control over whether the Fort Dix personnel can or will make copies, but it is equally clear that he informed defense counsel that he objected to copies being made.

Third, the Court rejects Mr. Stile's complaint that it was defense counsel who was acting inappropriately. To the contrary, the defense lawyer did not rise to Mr. Stile's repeated use of vulgarity, his refusal to answer properly asked questions, and

4

his ultimate decision to tell defense counsel to "[p]ack up." *Id.* 62:19-20.  It was Mr. Stile, not Mr. Marchesi, who obstructed the court-ordered deposition.

Finally, the Court overrules Mr. Stile's objection to the Magistrate Judge's decision to schedule a telephone conference to discuss what sanctions short of dismissal should be applied.

Over the objections of the Plaintiff and the Defendants, the Court affirms the Recommended Decision and ORDERS that the Defendants' Motion for Sanctions (ECF No. 69) be DENIED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2016