UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00406-JAW |
| | ) | |
| CUMBERLAND COUNTY | ) | |
| SHERIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On December 30, 2015, the Defendants filed a motion for sanctions against James Stile, requesting that the Court dismiss the pending lawsuit due to Mr. Stile's failure or refusal to respond to questions from defense counsel during a court-ordered deposition on December 10, 2015. *Mot. for Sanctions* (ECF No. 69). Mr. Stile objected to the motion on April 25, 2016. *Pl.'s Resp. to Def.'s Mot. for Sanctions* (ECF No. 106). The Defendants replied on May 9, 2016. *Defs.' Reply in Support of Mot. for Sanctions* (ECF No. 110). The Magistrate Judge issued his Recommended Decision on June 27, 2016. *Recommended Decision on Defs.' Mot. for Sanctions* (ECF No. 131) (*Recommended Decision*). Both the Defendants and Mr. Stile objected to the Recommended Decision on July 25, 2016. *Defs.' Objection to Magistrate's Recommended Decision on Defs.' Mot. for Sanctions Fed. R. Civ. P. 72* (ECF No 139) (*Defs.' Objection*); *Pl.'s Objection to Magistrate Judge's Report and Recommendation as Pertains to (ECF No. 131) in the Above-Docketed Case* (ECF No. 141) (*Pl.'s*

*Objection*).  The parties had until August 11, 2016 to file responses to each other's objections.  *See Defs.' Objection*; *Pl.'s Objection*.  On August 8, 2016, Mr. Stile filed a response; the Government did not.[1]  *Resp. to Def.'s Objection to Magistrate's Recommended Decision on the Def.'s Mot. for Sanction* (ECF No. 151) (*Pl.'s Resp.*).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision.  The Court concurs with the Magistrate Judge's recommendations for the reasons set forth in his Recommended Decision.

In doing so, the Court notes that the Magistrate Judge's Recommended Decision is narrow.  The Magistrate Judge rejects only the Defendants' demand that the case be dismissed.  The Magistrate Judge expressly left open the possibility that Mr. Stile's conduct merits the imposition of sanctions short of dismissal.  In fact, following this Court's review, the Magistrate Judge intends to schedule a telephone conference to discuss what lesser sanctions should be imposed to control the future course of the litigation.  *Recommended Decision* at 1 n.1, 5, 6 n.2.

The Court agrees with both the Magistrate Judge and the Defendants that Mr. Stile's conduct during the December 11, 2015 deposition was deplorable, especially

---

[1]     The Court prematurely issued an Order Affirming the Recommended Decision of the Magistrate Judge on August 3, 2016.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 148).  The Order was premature because the parties had the right to respond to the other's objections.  On August 8, 2016, Mr. Stile filed a response to the Government's objection to the Magistrate Judge's Recommended Decision, *Resp. to Def.'s Obj. to Magistrate's Recommended Decision on the Def.'s Mot. for Sanction* (ECF No. 151), and, when the Court became aware that its Order was premature, it vacated the August 3, 2016 Order on August 9, 2016.  *Order Vacating Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 152).  In issuing this Order, the Court has considered Mr. Stile's response filed on August 8, 2016 as well as the other filings in this case.

since the Defendants scheduled Mr. Stile's deposition pursuant to a lawful order of this Court. *Report of Telephone Conf. and Order* at 1 (ECF No. 61). The First Circuit has observed that the courts "cannot function if litigants may, with impunity, disobey lawful orders." *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988). Typically, before dismissing a case, the courts will assess the nature of the litigant's violation, whether the conduct is part of a larger pattern of non-compliance, and whether the litigant had been previously warned against such conduct and the potential consequence of dismissal. *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 94 (1st Cir. 2012) (noting that the plaintiffs were warned twice that if they failed to comply by a specific date, their case would be dismissed); *HMG Property Investors*, 847 F.2d at 916-18.

Here, the Magistrate Judge properly characterized Mr. Stile's conduct at the deposition as unacceptable, disrespectful, and egregious. The Court agrees with each of these characterizations. In addition, defense counsel traveled a long distance at considerable expense to his client secure in the knowledge that the deposition would proceed pursuant to court order. In light of the "totality of the circumstances," Mr. Stile is treading on thin legal ice. *Mulero-Abreu*, 675 F.3d at 93. Specifically, the Court warns Mr. Stile that future conduct of the sort evidenced in the deposition, including the use of foul and obscene language, the refusal to answer legitimate questions, and personal attacks against defense counsel, may well lead to the dismissal of this lawsuit. *Id.* at 94 ("[E]ven though the sanction of dismissal is

3

reserved for a limited number of cases, it must be available so the trial courts may punish and deter egregious misconduct").

Although the Court appreciates the Defendants' frustration with Mr. Stile's conduct and the lack of an effective sanction given his impecunity, the Court observes that the Magistrate Judge has foreshadowed a series of restrictions that he may impose to make certain the remainder of the case proceeds in an orderly fashion.

The Court responds to Mr. Stile's objections.  First, the Court disagrees with Mr. Stile that the Magistrate Judge mischaracterized his statement about objecting to all questions.  *Pl.'s Objection* at 1.  Mr. Stile read a statement into the record, which began: "Plaintiff objects to counsel's questions at this time."  *Dep. Under Oral Examination of James Stile*, 8:25-9:1 (ECF No. 70) (*Stile Dep.*).  The Court notes that Mr. Stile later stated that he would "endeavor to answer the questions of this deposition today," but expressly noted that he was doing so "[w]ithout waiving objection."  *Id.* 10:15-11:4.  The Magistrate Judge fairly interpreted his statement to posit a general objection to all questions.  The Court agrees and overrules Mr. Stile's objection.

Second, Mr. Stile objects to the Magistrate Judge's statement that he did not permit counsel to ask anyone at FCI Fort Dix to make another copy of his answers to the Defendants' interrogatories.  *Pl.'s Objection* at 2.  Mr. Stile's objection is overruled.  During the deposition the following interchange took place:

> Q.    If - - Mr. Stile, I'm looking at your handwritten Interrogatory answers here.  If I am able to convince somebody here to make a photocopy of this, do you have any objection to that?

A.     Yeah, I would.

*Stile Dep.* 25:22-26:2.  It is true that later Mr. Stile said that he did not have control

over whether the Fort Dix personnel can or will make copies, but it is equally clear

that he informed defense counsel that he objected to copies being made.

Third, the Court rejects Mr. Stile's argument that it was Mr. Marchesi, not he,

who suspended the deposition.  *Pl.'s Resp.* at 1-2.  Mr. Marchesi's comment occurred

after the discussion about whether defense counsel could obtain a copy of Mr. Stile's

completed answers to interrogatories.  *Stile Dep.* 25:22-27:9.  Mr. Stile had informed

Mr. Marchesi that "[t]here is no reason you need a copy of those if I'm telling you that

I mailed them to your office" and Mr. Marchesi told Mr. Stile that he "wrong about

that" and Mr. Marchesi was "entitled to a signed sworn copy of them."  *Id.* 27:7-12.

At that point, Mr. Marchesi told Mr. Stile that "this deposition will be suspended and

not completed today pending my receipt and review of these answers."  *Id.* 27:16-19.

The deposition went on for another thirty-four pages until Mr. Stile told Mr. Marchesi

that he was "not going to allow it" and that he was to "[p]ack up, fellow.  Pack up."

*Id.* 62:19-20.  It is apparent that by his earlier comment, Mr. Marchesi was putting

Mr. Stile on notice that he was reserving the right to re-depose him in the event his

review of Mr. Stile's signed interrogatories required him to do so.  Mr. Marchesi did

not suspend the deposition; he informed Mr. Stile that the deposition "will be"

suspended and not completed today."  *Id.* 27:16-19.   In other words, once the

deposition had been completed, Mr. Marchesi was going to suspend it pending receipt

of the signed answers.  The deposition, however, was never completed because Mr.

5

Stile prevented its completion.  The Court rejects Mr. Stile's contention that Mr. Marchesi was the one who obstructed the deposition.

Fourth, the Court rejects Mr. Stile's complaint that it was defense counsel who was acting inappropriately.  To the contrary, the defense lawyer did not rise to Mr. Stile's repeated use of vulgarity, his refusal to answer properly asked questions, and his ultimate decision to tell defense counsel to "[p]ack up." *Id.* 62:19-20.  It was Mr. Stile, not Mr. Marchesi, who obstructed the court-ordered deposition.

Fifth, the Court also rejects Mr. Stile's contention that he suffers from psychological disabilities that make it impossible to control himself and that Mr. Marchesi should be blamed because he harassed Mr. Stile with his questions.  *Pl.'s Resp.* at 2-15.  The Court has a long history with Mr. Stile and is confident that Mr. Stile is fully capable of controlling himself whenever he wishes to do so.

Finally, the Court overrules Mr. Stile's objection to the Magistrate Judge's decision to schedule a telephone conference to discuss what sanctions short of dismissal should be applied.

Over the objections of the Plaintiff and the Defendants, the Court affirms the Recommended Decision and ORDERS that the Defendants' Motion for Sanctions (ECF No. 69) be DENIED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2016

6