UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:14-cv-00406-JAW |
| | ) |
| CUMBERLAND COUNTY | ) |
| SHERIFF, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON OBJECTION TO ORDER ON MOTION TO EXTEND TIME**

**I.  BACKGROUND**

On October 14, 2014, James Stile filed a civil complaint against Cumberland County and twenty Cumberland County corrections officers pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated various of his constitutional rights by means including using excessive force against him while he was a pretrial detainee. *Compl.* (ECF No. 1). The case has inched along for over three and one-half years; progress has been incremental at best.

The dispositive motion deadline became a moving target, and on July 18, 2016, the Magistrate Judge ordered that the dispositive motion deadline be thirty days after the Defendants completed Mr. Stile's deposition. *Am. Scheduling Order* at 1 (ECF No. 55); *Order* (ECF No. 103); *Report of Telephone Conf. and Order* at 4 (ECF No. 135). On August 15, 2017, the Magistrate Judge issued an order establishing

September 15, 2017 as the deadline for filing dispositive motions. *Order Removing Stay/Establishing Mot. Deadline* (ECF No. 195). On September 19, 2017, this deadline was extended to December 1, 2017. *Order* (ECF No. 200).

On October 6, 2017, the Defendants filed a motion for judgment on the pleadings and for summary judgment. *Defs.' Mot. for J. on the Pleadings and for Summ. J.* (ECF No. 204). Mr. Stile's responses were initially due by October 27, 2017, but on February 15, 2018, the Magistrate Judge allowed an extension until March 23, 2018. *Procedural Order* at 1 (ECF No. 221). Then on March 5, 2018, Mr. Stile moved for another extension and made other motions. *Mot. for Extension of Time to Resp. to Summ. J. Mot. and for Court to Issue Writ to the United States Marshals Serv./U.S. Att'y General for Transfer of Pl. to Danbury Conn. F.C.I.* (ECF No. 223); On May 29, 2018, the Magistrate Judge extended his response deadline to June 15, 2018. *Order Granting Pl.'s Mots. for Order Regarding Disc., to Extend Time to File Resp. to Mot. for Summ. J., and for Transfer* (ECF No. 231). Mr. Stile has yet to respond to the dispositive motions now pending over nine months. As part of the Magistrate Judge's May 29, 2018 order, he addressed Mr. Stile's motion for transfer and his motion for an order regarding the production of discovery. The Magistrate Judge denied the motion for order of transfer. *Id.* at 3. He also denied Mr. Stile's motion for discovery, stating that he was "satisfied that the documents produced by Defendants were forwarded to Plaintiff's current facility and are available to Plaintiff." *Id.* at 2.

## II. JAMES STILE'S OBJECTION

On June 11, 2018, Mr. Stile objected to the May 29, 2018 order of the Magistrate Judge. *Pl.'s Obj. to Magistrate's Order as Concerns Pl.'s Mots. for Order Regarding Disc., to Extend Time to File Resp. to Mot. for Summ. J., and for Transfer* (ECF No. 235). In his motion to extend time, Mr. Stile recited a history "beginning in November of 2017" of what he claims has been "obstruction of the Plaintiff in meeting the Court deadlines in complet[]ing his responses to the summary judgment motions filed by the Defendants." *Id.* At the end, Mr. Stile says that he "anticipates a need for 90 days to complete the responses to the remaining dispositive motions allowing he can get reasonable access to laptop computer to review the CD/DVD/s." *Id.* at 6. Mr. Stile admits that "[w]ithout that access, it does not matter how long the Court grants in extensions, the responses will not get done." *Id.* Mr. Stile stresses that he "MUST have access to the DC/DVD's as they are a necessary element to responding to the dispositive motions especially as voluminous as these are." *Id.*

Finally, Mr. Stile reiterates his continued demand that the Court order the Bureau of Prisons (BOP) to transfer him to Strafford County Jail in New Hampshire where he would have "unimpeded access to a computer, LEXIS NEXIS, postage and copies and would thereby be better equipped to expeditiously finish the responses to the dispositive motions." *Id.* Mr. Stile claims that this "can be done in the interests of justice." *Id.*

## III. DISCUSSION

### A. Legal Standard

The standard for reviewing a non-dispositive order of a Magistrate Judge is that the order must be either "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). The Court reviews the Magistrate Judge's May 29, 2018 order based on a clearly erroneous or contrary to law standard. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Urban Lot St. G. 103*, 819 F.3d 1, 3 (1st Cir. 2016); *Bennett v. Kent Cnty. Mem. Hosp.*, 623 F. Supp. 2d 246, 250 (D.R.I. 2009). "A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### B. Judicial Transfer Authority

Turning to the last issue first, Mr. Stile is simply incorrect in asserting that this Court has the authority to transfer him to Strafford County Jail in New Hampshire or the Danbury, Connecticut F.C.I. The United States Supreme Court has written that Congress has given the BOP "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)).

Federal law permits a court to make a recommendation to the BOP, "[b]ut decisionmaking authority rests with the BOP." *Id.* at 331. The applicable statutory provision is 18 U.S.C. § 3624(c)(1):

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Federal law also provides that a sentencing court may make a recommendation that a prisoner serve a term of imprisonment in a residential reentry center. 18 U.S.C. § 3621(b). But the recommendation has no binding effect. *Id.*

Here, the Court has no basis either to make a recommendation to the BOP regarding where it should house Mr. Stile or to conclude that the Magistrate Judge's decision to decline to order the BOP to transfer Mr. Stile was either clearly erroneous or contrary to law. This is particularly true because Mr. Stile is now demanding that the BOP transfer him to a state-run facility in New Hampshire.

### C. The June 15, 2018 Extension Date

The Court arrives at the same conclusion regarding Mr. Stile's objection to the Magistrate Judge's decision to extend the time within which Mr. Stile must respond to the pending dispositive motions to June 15, 2018. The Court will not disturb the factual findings in the Magistrate Judge's order and his discretionary decision to extend the time within which to respond to the pending dispositive motions to June 15, 2018.

5

The Court notes that this case has now been pending for over three and one-half years, making the case one of the oldest civil cases on the docket. Mr. Stile himself has caused a substantial part of the delay in the resolution of this case by filing an interlocutory appeal on July 25, 2016, *Interlocutory Appeal* (ECF No. 142), and dismissing it on August 26, 2016. *J. of the United States Court of Appeals for the First Circuit* (ECF No. 158). His filing of a second interlocutory appeal on September 6, 2016, *Interlocutory Appeal* (ECF No. 163), which the First Circuit dismissed on July 19, 2017, *J. of the United States Court of Appeals for the First Circuit* (ECF No. 193), also caused substantial delay. In addition to these interlocutory appeals, Mr. Stile has filed countless motions, objections, and motions to reconsider orders, as is evidenced by the fact that the docket itself now has two hundred forty entries.

Indeed, Mr. Stile demands that the Court extend the deadline another ninety days to September 15, 2018 for his responses to dispositive motions that were filed on October 6, 2017, giving him almost one year to file a response to a motion that would normally have been responded to by October 27, 2017. *See* D. ME. LOC. R. 7(b) ("Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection"). But Mr. Stile goes on to add that he might not be able to comply with that extension because of a dispute he is having with the BOP about access to discovery materials.

The Court resolves that it will immediately begin the process of reviewing the Defendants' dispositive motions as they now stand. If Mr. Stile is able to file a

response to those motions before the Court issues the order, the Court will consider his responses and will allow the Defendants fourteen days to reply from the date of Mr. Stile's filing. D. ME. LOC. R. 7(c). If Mr. Stile has filed no response to the dispositive motions by the date that the Court has completed its review of the pending motions, the Court will issue an order based only on its review of the merits of the motions as filed.

## IV. CONCLUSION

The Court OVERRULES the Plaintiff's Objection to Magistrate's Order as Concerns Plaintiff's Motions for Order Regarding Discovery, to Extend Time to File Response to Motion for Summary Judgment, and for Transfer (ECF No. 235). The Court DENIES the Plaintiff's objection insofar as he seeks a transfer order and a discovery order. The Court also DENIES his objection to the June 15, 2018 deadline imposed by the Magistrate Judge for his response to the pending dispositive motions; however, if James Stile files a response before the Court issues its order on the merits of the pending dispositive motions, the Court will consider any such filing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2018