# FEDERAL CORRECTIONAL COMPLEX
# Allenwood, Pennsylvania

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state **ONE** complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: BB (Initials of Correctional Counselor)
Date Issued To The Inmate: 8-6-2018

INMATE'S COMMENTS:

1. Complaint: BOP obstructed me from having access to (75) seventy-five CD/DVD's that are absolutely necessary for litigation that has been ongoing for more than (5) five years which has been at a serious juncture known as dispositive motions since Septemeber of 2017

2. Efforts you have made to informally resolve: (See continuation page....) I had filed a Tort Claim with (NERO) Northeastern Regional Office. I also filed a BP-8 while I was in SHU at F.C.I. Elkton. Said CD/DVD's were confiscated from me on November 13, 2017 and were not provided until July 10, 2018, and only (6) six at that time. Have discussed with Unit Team here.

3. Names of staff you contacted: (NERO), Counselor Pittman & Counselor Jones at FCI Elkton & Unit Managers at Elkton. Counselor Brown and Unit Manager Rothermel here at Allenwood.

Date Returned to Correctional Counselor: August 7, 2018

| James Stile | [signature] | 07147-036 | August 7, 2018 |
|---|---|---|---|
| Print Inmate Name | Inmate's Signature | Reg. Number | Date |

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: Your discs have been scanned in groups of 6 at a time by Computer Services to alleviate the burden of so many at one time. You have selected the discs in the order you wanted. You have been provided ~~Almost~~ numerous periods of time to review them on the lap top computer. You have declined opportunities provided to you and you have shortened the allotted time frames based on your decision. Unit staff have provided you with every opportunity to review your legal material.

Date BP-9 Issued: 8-13-18

B. Brown
Correctional Counselor

[signature]
Unit Manager (Date)

Distribution: If complaint is **NOT** informally resolved — Forward original attached to BP-9 Form to the Administrative Remedy Clerk.

Continuation Page of BP-8 for CD/DVD's......

    I have repeatedly requested these CD/DVD's throughout the past (8) eight months. They have been withheld from me since I left F.C.I. Fort Dix on November, 13, 2017. I arrived at F.C.I. Elkton on December 19, 2017. I was told numerous times by both Counselors Pittman and Jones that the CD/DVD's were not there. I requested that they email Counselor Malloy at F.C.I. Fort Dix to locate the DC/DVD's. I was continually told the discs were "not here yet" and they would let me know when they arrived.

    I filed a BP-8 at F.C.I. Elkton while in the SHU in March 2018 about the CD/DVD's. I was told, "they are in your property and if you wish to review them, put a copout in." I was never allowed to review them and I was shipped to F.C.I. Allenwood. Said discs arrived here and were given to my Counselor Brown sometime in June 2018. Counselor Brown got (6) six discs scanned by security at Allenwood and they were cleared on July 10, 2018. I reviewed them the same day and informed her that I did not find much of what I need on those (6) six discs. She submitted another (6) six discs for approval and those discs were approved (2) two weeks later. It took (4) four weeks to get (12) twelve discs approved. That means there are (63) sixty-three discs remaining to be scanned and approved. It will take (5) five months to get the remaining discs approved/cleared for me to review.

    The U,S. District Court in Maine has run out of patience and has made an ultimatum for me to foreclose me from responding to summary judgment motions which translates simply into this....(5) Five years of me litigating two cases, one of which is for millions of dollars of damages is about to be dismissed because of BOP obstructing me from having access to these CD/DVD's to litigate my lawsuits. If this Court dismisses my lawsuits...BOP will be liable. I need these CD/DVD's cleared yesterday. I recommend that this goes to BOP legal Department.

843-18

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　　**REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Stile James__ __07147-036__ Unit __GA-27__ __LSCI Allenwood__
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　　UNIT　　　　INSTITUTION

**Part A- INMATE REQUEST** || The (75) CD/DVD's that are the subject matter have not been available to me since November 13, 2017 when they were confiscated at FCI Fort Dix. By the time I arrived here from Elkton FCI, (8) eight months went by without me having access to the disc's until July 10, 2018. This was the fault of BOP both at FTD and ELK. When I was given access to the first (6) six CD'S was on July 10, 2018. It was then that I was told that Computer Services could only scann and approve 6-six CD's every two weeks. With the Court giving me a deadline of August 13, 2018 to file a certain pleading, I requested of Unit Manager Rothermel to continue with the putting forth another 6 CD's to be approved (2 week wait period) while I did what the Court ordered me to do which was attempt to comply with the deadline. Rothermel said he would not do that until I first reviewed the (6) six CD's which I now felt that Rothermel was telling me how I was to litigate my lawsuit that has been ongoing for more than 5 years and a few thousand hours of my time invested in such. This was an unreasonable decision made by Mr. Rothermel that lacked any rational reason. Even his explanation that the Computer Services is only one person working for all three facilities of the complex and that the laptop was the only computer available between the three facilities, neither of these statements whether factual or not had no bearing on what I was asking for...to continue the process of getting CD's approved (2 week wait period) which was asking for nothing more than what I was being given already other than I would not review the (6) six CD's already approved, as I was under the gun by the August 13, 2018

_____　　　　　　　　　　　_____
DATE　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____　　　　　　　　　　　_____
DATE　　　　　　　　　　　　　　　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE　　　　　　　　　　　　　　CASE NUMBER: _____

─────────────────────────────────────────
　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

Continuation Page of BP-9....

U.S. District Court to meets its deadline which necessitated me typing a reponse to a dispositive motion due on August 13, 2018. In the response to my BP-8 Rothemel states, "You have been provided numerous periods of time to review them on the laptop computer." There were only two times I was allowed to review the CD's, July 10, 2018 and two weeks later. Rothermenl further states, "You have declined opportunities provided to you and you have shortened the allotted timeframe based on your decision." This is a lie as I opted out for two days to not view them and then on the third day I requested to and viewed them on a "fog count" morning. I shortened nothing by my decision to comply with the Court's order to continue forward with typing my response. What shortened the timeframe was Rothermels decision to not continue forward with the approval process of the CD's. Now, Rothermel makes good on his threat that he would "make sure I go by the rules", "if you decide to go forward with the BP-8." That was this BP-8!! Rothermel also said that I was not going to like the response to the BP-8. I told Rothermel that I did not like being threatened with retaliation for filing my BP-8 which had to do with FTD and ELK, not him and Ms. Brown. I was filing as to be in compliance with Federal Statute 42 U.S.C. §1997e in the event that the US District Court dismissed my 5 year long lawsuit because of BOP not providing the CD's for 8 months. Section 1997e states I must exhaust my Administrative Remedies. Now Rothermel makes good on his threat by lying in his response to my BP-8 then not answering my copout that requested cooperation in making copies and providing postage so that I could meet the Court deadline of August 13, 2018. Rothermel refused to make the coppies and sends me to Education to get copies made as I am indigent. Education, Ms. Ray told me that Education does not make copies, only for SHU. This amounts to retaliation for filing my BP-8 which never made any disparaging remarks about Rothermel or Brown. Rothermel took this personal and should not have. Now I am being spun in a circle by him, lyed to and missed a serious Court deadline. This is all related to the CD's and them not being made available timely. I filed the attached BP-8 to comply with Federal Statute and am now being retaliated against.

My only intention was to file a BP-8, BP-9, BP-10, and BP-11 without any misplaced construance on why I was filing and Rothermel made this into a mess where he is now lying. I do not lie and I do not like anyone lying to me or about me. This is nothing more than obstructing me from exhausting my remedies in accordance with Federal Statute.

Warden, I spoke to you about this briefly at mainline. This is not right. As Warden, I request that you take a serious unbiased look into this and help to make it right. I have missed the Court deadline! Rothermel could have accommodated me with the well in advance notice that I provided to him (copout dated 8/7/18). He chose not to in a retaliatory manner which was unnecessary. I am only looking to exhaust my remedies as concerns the CD's that have been withheld from me for 8 months. I do not make trouble. I file administrative remedies when my legal work is interfered with. It is my right and obligation to do in order to preserve my right to take legal action against BOP in the event that the Court dismisses my 5 year long lawsuit because of BOP not providing my CD/DVD's for 8 months.

At this time, my deadlines have come and gone without me complying timely which was no fault other than BOP's. I made my best efforts to get the CD's with filing a BP-8 at Elkton and filing a tort claim with the (NERO) Northeastern Regional Office. I was patient here but the approval process of (6) six CD's once every (2) two weeks makes the approval process as long as 6 months. I have been here (3) three months and have had (6) and (10) CD's approved in that (3) three month period.

There is not much LSCI Allentown can say about the delay in getting access to the CD's as the proble began 8 months before I arrived here. A simple truthful answer to this BP-9 will be appreciated so that I may move forward with the BP-10. Even if LSCI Allenwood was able to give me immediate access to all CD's at this time, it can not correct the record that 8 months elapsed without me having access to the CD's. A simple response that you have done what you can and should not be held accoutable for the faults of FTD and ELK in not providing the CD's will be all that I need and ask for. Just as a matter of record, I do not believe that there is only one laptop for all three facilities as I have been told. I believe that that would create security issues of interfacility transfers of equipment.

James Stile-07147-036