UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00406-JAW |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER DENYING MOTION FOR RECONSIDERATION**[1]

The Court denies a plaintiff's motion for reconsideration of its dispositive order because he failed to demonstrate that the order was based on a manifest error of law or fact.

**I.  BACKGROUND**

On October 14, 2014, Mr. Stile filed a complaint against Cumberland County, the Cumberland County Sheriff, and twenty Cumberland County corrections officers pursuant to 42 U.S.C. § 1983.  *Compl.* (ECF No. 1) (*Cumberland County Compl.*).  On September 28, 2018, the Court issued an order on the Defendants' summary judgment motion.  *Order on Defs.' Mot. for J. on the Pleadings and Mot. for Summ. J.* (ECF No. 252) (*Cumberland County Order*).  On October 22, 2018, Mr. Stile filed a motion for reconsideration on the Cumberland County Order.  *Mot. for Recons. On*

---

[1]  The Court amends its February 11, 2019 Order (ECF No. 279) to clarify its jurisdiction, replacing footnote 1 in the original order with footnote 2 in this amended order.  Also, on page three, the Court corrected the date that Mr. Stile's motion for reconsideration was due.  The original order stated that the date was October 15, 2018 and the correct due date was October 12, 2018.

*Order on Summ. J. of Court.* (ECF No. 259) (*Pl.'s Recons. Mot.*).

That same day, Defendants Bisson, LeBlanc, and Penenka filed an interlocutory appeal to the First Circuit Court of Appeals on the Cumberland County Order. *Notice of Appeal* (ECF No. 258). A week later, on October 29, 2018, Mr. Stile appealed the Cumberland County Order to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 266).[2] On February 4, 2019, the First Circuit granted the Defendants/Appellees' motion to dismiss Mr. Stile's appeal. *J. of the United States Court of Appeals for the First Circuit* at 1-2 (ECF No. 278). The Defendants' interlocutory appeal remains pending.

## II. DISCUSSION

### A. Procedural Issues

Although Mr. Stile titles his motion a motion for reconsideration, he does not identify under what rule he brings his motion. The Cumberland County Order was not a "final judgment" because it did not resolve all the claims by all the parties in this suit. *See Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United*

---

[2] With the Defendants' interlocutory appeal still pending, there is a question of whether the Court has been divested of jurisdiction. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam) *superseded on other grounds* by FED. R. APP. P. 4(a)(4)(B). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 505 (1st Cir. 1997) (internal punctuation and citation omitted). In *United States v. Mala*, 7 F.3d 1058, 1060-61 (1st Cir. 1993), the First Circuit wrote that "an appeal from . . . an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." As the First Circuit recently dismissed Mr. Stile's appeal, the only matter before the First Circuit is Defendants Bisson, Leblanc and Panenka's appeal of this Court's order retaining them as defendants. Mr. Stile's motion for reconsideration therefore does not touch on the issues currently before the Court of Appeals for the First Circuit and the Court may proceed.

2

*States*, 324 U.S. 229, 233 (1945) ("A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (internal quotation marks omitted)); *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 n.4 (1st Cir. 2007) (acknowledging that, absent certification under FED. R. CIV. P. 54, an order granting partial summary judgment does not satisfy the requirements for appellate jurisdiction"); *Widi v. McNeil*, No. 2:12–cv–00188–JAW, 2014 WL 4987969, *5 (D. Me. Oct. 7, 2014). As a result, Mr. Stile's motion cannot be brought under either Federal Rules of Civil Procedure 59(e) or 60 because the Cumberland County Order was not a final judgment, and the Court has not directed entry of a final judgment on any claims pursuant to Federal Rule of Civil Procedure 54(b). *See Barrows v. Resolution Trust Corp.*, 39 F.3d 1166, at *3 (1st Cir. 1994) (table opinion) (Rule 59(e) "applies only to final judgments"); *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 874 (1st Cir. 1990) ("Rule 60 applies only to final judgments"); *Widi*, 2014 WL 4987969, at *5.

> Mr. Stile's motion must fall under the District of Maine's Local Rule 7:
>
> A motion to reconsider an interlocutory order of the Court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time.

D. ME. LOC. R. 7(f). As the Court issued its order on September 28, 2018, a motion for reconsideration under Rule 7(f) was due on or before October 12, 2018. Mr. Stiles' motion for reconsideration—dated October 18, 2018, *Pl.'s Recons. Mot.* at 4—was docketed on October 22, 2018. Both fall outside of Local Rule 7(f)'s fourteen day filing

3

period, and ordinarily, the Court would dismiss the motion for reconsideration as untimely.

However, Mr. Stile is incarcerated, and it is not clear when he received the Court's order; this impacts calculations under the "prisoner mailbox rule" and whether his motion was timely. *See Houston v. Lack*, 487 U.S. 266 (1988); *Casanova v. Dubois*, 304 F.3d 75, 78-79 (1st Cir. 2002). Even though Mr. Stile's motion may be untimely and even though Mr. Stile has not otherwise shown cause for not filing within Local Rule's 7(f)'s timeframe, the Court will address the merits of his motion given its uncertainty as to the timeliness of his motion.

### B. James Stile's Objections

Turning to his contentions in his motion for reconsideration, Mr. Stile's motion does not assert arguments that the Cumberland County Order "was based on a manifest error of fact or law." D. ME. LOC. R. 7(f). Indeed, the Court previously addressed all Mr. Stile's contentions.

#### 1. Denial of Motion for Extension

Mr. Stile says he has been obstructed by the Bureau of Prisons' (BOP) policies governing how and when he may access discovery discs, and that the Court should have intervened on his behalf. *Pl.'s Recons. Mot.* at 1-2.[3] On July 17, 2018, Mr. Stile made these same claims, *Mot. for Judicial Intervention* (ECF No. 242); on September 4, 2018, the Court explained why Mr. Stile did not need the discs to present a genuine issue of material fact as well as why it was inappropriate for the Court to intervene

---

[3] The pagination of Mr. Stile's motion skips one page. As a result, the Court refers to the ECF PDF numbers to reference motion pincites.

4

on his behalf in the manner he proposed. *Order on Mot. for Judicial Intervention and for Extension of Time and on Mot. to Accept Partial Resps. and to Allow the R. to Remain Open, and Mot. for Ct. to obtain Bate Stamped Materials from Def.[]s that Pl. Cited in His Resps. to Dispositive Pleadings*, at 12-16 (ECF No. 248). Mr. Stile now complains that it "was terrible judicial conduct" to issue its order on the Defendants' motion for summary judgment when he had not filed a response and he argues that the Court should have required the Defendants to show why granting him another extension to file his response memorandum would have been prejudicial. *Pl.'s Recons. Mot.* at 2-3.

The Defendants filed their motion for summary judgment in early October 2017. *Mot. for J. on Pleadings and Mot. for Summ. J.* (ECF No. 204). On February 15, 2018 and again on May 29, 2018, the Court granted Mr. Stile two extensions to file his response memorandum. *Procedural Order* at 1 (ECF No. 221); *Order Granting Pl.'s Mots. for Order Regarding Disc., to Extend Time to File Resp. to Mot. for Summ. J., and for Transfer* (ECF No. 231). The last extension made Mr. Stile's response due June 15, 2018, approximately nine months after the Defendants' initial filing. *Id.* at 3. In granting this extension, the Magistrate Judge expressly informed Mr. Stile that the extension to June 15, 2018 would be the final extension:

> [T]he Court will grant Plaintiff a final extension of the deadline to file his response to the motion for summary judgment and the motion for judgment on the pleadings. The Court extends the time for Plaintiff to file his response to the motion for summary [judgment] and the motion for judgment on the pleadings to June 15, 2018.

*Id.*

When Mr. Stile objected to the June 15, 2018 response deadline, this Court upheld the deadline but gave Mr. Stile leeway by stating it would "consider his responses" if he filed his responses before the Court issued its order. *Pl.'s Obj. to Magistrate's Order as Concerns Pl.'s Mots. for Order Regarding Disc., to Extend Time to File Resp. to Mot. for Summ. J., and for Transfer* (ECF No. 235) (*Pl.'s Obj.*); *Order on Objection to Order on Mot. to Extend Time* at 6-7 (ECF No. 241). At the same time, the Court explicitly warned Mr. Stile that if he failed to file a response, the Court "will issue an order based only on its review of the merits of the motions as filed." *Order on Objection to Order on Mot. to Extend Time* at 7. In his June 11, 2018 objection to the Magistrate Judge's order, Mr. Stile asked for an additional ninety days to respond. *Pl.'s Obj.* at 6. The Cumberland County Order was docketed on September 28, 2018, meaning that Mr. Stile had in effect the full ninety days that he had requested.[4] In fact, Mr. Stile had almost a full year from the date the Defendants filed the dispositive motions to file his responses.

Moreover, Mr. Stile first filed this lawsuit on October 14, 2014 and the life of this case spans over four years; the Defendants have opposed Mr. Stile's requests for extensions or stays. *See Resp. in Opp'n to Mot. to Stay Proceedings as Concerns Mots. for Summ. J.* (ECF No. 207); *Defs.' Resp. to Pl.'s Obj. To Magistrate's Decision* (ECF No. 237); *Obj. to Pl.'s Mot. for Judicial Intervention* (ECF No. 244). The Court refers to its previous orders denying Mr. Stile additional extensions, noting the length of

---

[4] At the same time, in his objection, Mr. Stile made it clear that he needed what he termed "reasonable access" to laptop computer to review the CD/DVD/s" and he warned "[w]ithout that access, it does not matter how long the Court grants in extensions, the responses will not get done." *Pl.'s Obj.* at 6.

time he had to respond to the dispositive motions and the Defendants' objections to allowing him more time to respond. *See Order on Obj. to Order on Mot. to Extend Time* (ECF No. 241); *Order on Mot. for Judicial Intervention and for Extension of Time and on Mot. to Accept Partial Resps. and to Allow the R. to Remain Open, and Mot. for Ct. to obtain Bate Stamped Materials from Def.[]s that Pl. Cited in His Resps. to Dispositive Pleadings*, at 12-16.

Ultimately, the Court, not Mr. Stile, must control its docket. After repeated warnings that he needed to respond and after Mr. Stile failed to do so nearly one full year after the dispositive motions were filed, the Court, as it warned Mr. Stile it would do, decided the motions based on the record before it. In fact, even now, nearly sixteen months after the dispositive motions were filed, the Court has never received a response from Mr. Stile to the merits of the dispositive motions or to the statements of material fact.

### 2. Court's Refusal to Intervene

Lastly, Mr. Stile argues "the Court should have intervened in ordering the Defendants to provide Plaintiff with page (8) eight of their dispositive motion and to replace the (5) five CD's that were essential to the Plaintiff filing his response to the dispositive motion." *Pl.'s Recons. Mot.* at 3. It is not clear when Mr. Stile requested that the Court intervene and require the Defendants to provide page eight of their motion for summary judgment, or why this one page—which recites the legal standard for a motion for summary judgment and briefly begins their qualified immunity argument—prevented him filing a response.

7

As regards his request that the Court intervene with the BOP and force the BOP to provide him with certain CDs/DVDs, on September 4, 2018, the Court issued an order, explaining to Mr. Stile why these discs were not necessary for him to respond to the Defendants' dispositive motion.[5] *Order on Mot. for Judicial Intervention and for Extension of Time and on Mot. to Accept Partial Resps. and to Allow the R. to Remain Open, and Mot. for Ct. to obtain Bate Stamped Materials from Def.[]s that Pl. Cited in His Resps. to Dispositive Pleadings*.

### III. CONCLUSION

The Court DENIES the Plaintiff's Motion for Reconsideration on Order of Summary Judgment of Court (ECF No. 259) because he has not established that the order was based on a manifest error of law or fact.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2019

---

[5] It is not clear if Mr. Stile is referring to the discovery discs pertinent to his Somerset County Jail suit, 1:13-cv-00248-JAW. In any event, the Court responded to these concerns and rejected them. *Order on Pl.'s Mots. for Regarding Disc., to Extend Time to File Resp. to Mot. for Summ. J, and for Transfer* (ECF No. 231); *Order on Obj. to Order on Mot. to Extend Time* (ECF No. 241).