UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   2:14-cv-00406-JAW |
| | ) |
| CUMBERLAND COUNTY | ) |
| SHERIFF, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON OMNIBUS MOTION FOR PRETRIAL ORDER, MOTION FOR DISQUALIFICATION OF DEFENSE COUNSEL, AND MOTION FOR PROTECTIVE ORDER**

As the Court is going to schedule the trial in this case at a date after the Plaintiff is released from incarceration, the Court dismisses the Plaintiff's motion for pretrial order, which is premised on potential complications from his incarceration. The Court dismisses his motion for disqualification of defense counsel because the motion is based on dismissed allegations. The Court denies his motion for protective order because the Plaintiff is no longer incarcerated in the institution where he claims they violated his rights and because he has not demonstrated that he exhausted his administrative remedies.

## I.    BACKGROUND

On September 28, 2018, the Court issued a comprehensive order on dispositive motions, concluding that the Defendants were entitled to summary judgment except for one claim against three individual Defendants. *Order on Defs.' Mot. for J. on the Pleadings and Mot. for Summ. J.* (ECF No. 252). The Court's September 28, 2018

order left Mr. Stile's procedural due process claim pending against Defendants Christopher Bisson, George Paneka and Bryan Leblanc regarding whether they improperly refused to allow Mr. Stile to attend five disciplinary hearings on November 21, 2012. *Id.* at 7-8, 13, 38-39. On October 12, 2018, the Court set this case for trial on December 3, 2018, *Trial List* (ECF No. 254), and on October 16, 2018, the Court scheduled a final pretrial conference before the Magistrate Judge. *Notice of Hr'g* (ECF No. 256). However, on October 22, 2018, Defendants Bisson, Paneka and Leblanc filed an interlocutory appeal to the Court of Appeals for the First Circuit, *Notice of Interlocutory Appeal* (ECF No. 258) and on October 22, 2018, Mr. Stile filed a motion for reconsideration of the order on the motion for summary judgment. *Mot. for Recons. on Order of Summ. J. of Ct.* (ECF No. 259). Upon the Defendants' notice of interlocutory appeal, the Court removed the case from the December 2018 trial list. *Notice* (ECF No. 265).

While his motion for reconsideration was still pending, on October 29, 2018, Mr. Stile filed a notice of appeal of the Court's September 28, 2018 order. *Notice of Appeal* (ECF No. 266). The Defendants responded to Mr. Stile's motion for reconsideration on November 13, 2018. *Defs.' Opp'n to Pl.'s Mot. for Recons.* (ECF No. 270). The Court issued an order on February 11, 2019, denying Mr. Stile's motion for reconsideration, *Order Denying Mot. for Recons.* (ECF No. 279), and it issued an amended order on February 12, 2019. *Am. Order on Mot. for Recons.* (ECF No. 280).

On February 4, 2019, the Court received an order from the Court of Appeals for the First Circuit, granting the appellees' motion to dismiss Mr. Stile's appeal. *J.*

(ECF No. 278). On February 20, 2019, the First Circuit dismissed the interlocutory appeal of Defendants Bisson, Panenka and Leblanc. *J.* (ECF No. 283). The Court of Appeals issued its mandates on both matters on February 26, 2019 and March 13, 2019, restoring the jurisdiction of the case to this Court. *Mandate* (ECF No. 284); *Mandate* (ECF No. 285).

While the appeals were pending, Mr. Stile filed a motion for pretrial order on January 14, 2019, a motion to disqualify defense counsel on January 15, 2019, and a motion for order to enforce protective order and confidentiality orders on January 22, 2019. *Omnibus Mot. of Pl.* (ECF No. 271) (*Omnibus Mot.*); *Mot. for Disqualification of Defense Counsel Wheeler & Arey P.A., Peter T. Marchesi and Cassandra Shaffer* (ECF No. 272) (*Disqual. Mot.*); *Mot. for Enforcement of Protective Orders & Confidentiality Orders* (ECF No. 275) (*Protective Mot.*). The Defendants responded to Mr. Stile's omnibus motion on January 30, 2019 and to his motion for disqualification on February 1, 2019. *Defs.' Resp. to Pl.'s Omnibus Mot. (ECF No. 271)* (ECF No. 276); *Obj. to Pl.'s Mot. for Disqualification of Defense Counsel Wheeler & Arey, PA, Peter T. Marchesi and Cassandra Shaffer* (ECF No. 277). The docket does not reflect a response to the motion to enforce protective order, perhaps because Mr. Stile's requested relief runs against the Bureau of Prisons, not against the Defendants. On February 19, 2019, Mr. Stile filed a reply to the Defendants' response to his motion for disqualification. *Pl.'s Reply to Def.'s Obj. to Pl.'s Mot. for Disqualification of Defense Counsel Wheeler & Arey P.A., Peter T. Marchesi and Cassandra Shaffer* (ECF No. 282).

## II. DISCUSSION

### A. The Scheduling of Trial

On May 29, 2015, the Court sentenced James Stile to 120 months of incarceration to be followed by five years of supervised release, restitution in the amount of $13,306.93, and a special assessment of $100. *United States v. Stile*, 1:11-cr-185-JAW, *J.* (ECF No. 579). The docket in this case confirms that Mr. Stile is currently incarcerated at Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania. According to the United States Bureau of Prisons' inmate locator, James Stile's projected release date is July 27, 2020. *See bop.gov/inmateloc/*

The Court has resolved to schedule Mr. Stile's trial in this case as soon as possible after his release from incarceration. There are a number of reasons for this decision. First, once Mr. Stile is released from incarceration, even though he will be on supervised release, he will have far greater freedom. This freedom will allow him unfettered access to legal research material, the ability to prepare documents and witnesses for trial, and the freedom to try his case without the restrictions inherent in a jail setting. Moreover, as Mr. Stile's omnibus motion suggests, it is no simple matter to have a federal prisoner attend a civil trial. Mr. Stile's own motion anticipates the need for a writ of habeas corpus, transportation under the aegis of the Marshal's Service, incarceration in another facility close enough to the courthouse to allow for his attendance, daily transportation to and from the courthouse, access to research materials, and a host of other problematic matters. All these issues will be obviated if the Court schedules the trial after Mr. Stile is released from incarceration.

4

Second, Mr. Stile is suing Corrections Officers from the Cumberland County Jail and the trial is scheduled to be heard in Portland, part of Cumberland County. If he is incarcerated at the time of his trial, it seems impractical and unwise for Mr. Stile to be housed in the same jail he is suing. Therefore, he would likely have to be incarcerated at another facility and he and the Government would face the expense and inconvenience of his being housed in an institution at a distance from Portland. If released from incarceration, Mr. Stile could select a place of his own choosing to stay in the Portland area during the trial, something that will allow him to more effectively represent himself.

Third, based on the Court's current trial schedule, the earliest date it could set a trial in this case would not be until after the turn of the year, and the scheduling of any civil action is subject to the need to first try any criminal trials due to the Speedy Trial Act. Therefore, although there will be a delay of more than one year from the date of this order, the practical delay is perhaps six months, which on balance is justified.

Fourth, although the Court is concerned about the length of time since the events in this case, the events surrounding the November 21, 2012 disciplinary hearings took place nearly seven years ago. Given the time already passed, an additional year (or six months) is less likely to affect the witnesses' memories, the availability of documents, and other trial matters beyond what has already occurred.

Finally, if Mr. Stile is released from federal prison before July 27, 2020 and he so notifies the Court, the Court will attempt to move the trial up so that the trial takes place earlier.

### B. Impact on Pending Motions

#### 1. The Omnibus Motion

The underlying basis for Mr. Stile's omnibus motion is the assumption that the trial of this case will take place when he is incarcerated. *Omnibus Mot.* at 1. He advises the Court to issue a writ to require the Bureau of Prisons to transport him from Allenwood to Portland at least thirty days before trial, that he be housed at Strafford County Department of Corrections in New Hampshire, that he be allowed to obtain a suit of civilian clothes, that he have all his legal papers shipped to Maine, that he be provided with a laptop computer, and that he be allowed access to evidentiary material and legal research facilities. *Id.* at 1-4. None of these issues will pose a problem once Mr. Stile is released from incarceration. Accordingly, the Court dismisses without prejudice his omnibus motion.

#### 2. Disqualification Motion

Mr. Stile's motion for disqualification of defense counsel is not sufficiently tailored to the remaining issue in this case to justify the Court's gleaning through Mr. Stile's broad motion to unearth what remains potentially relevant. Mr. Stile discusses defense counsel's advice, for example, about strip searches of prisoners, but the remaining claim has nothing to do with strip searches. *Id.* at 5-12. Mr. Stile states that Mr. Marchesi trained corrections officers about "liability prevention, use

6

of force, obligation to pre-trial detainees and Corrections Officers['] need to maintain emotional control." *Id.* at 10. But none of these issues is relevant to whether the Defendants improperly denied Mr. Stile the right to be present at a disciplinary hearing. Because the motion is overbroad and does not relate to the issues in this case, the Court dismisses it without prejudice.

### 3. Motion for Protective Order

In his motion for protective order, Mr. Stile seeks the Court to intervene in Bureau of Prisons' actions in which he alleges that the Bureau of Prisons improperly confiscated his lock at F.C.I. Fort Dix, interfered with his access to legal material, and similar disputes. *Protective Mot.* at 1-4. The Court dismisses Mr. Stile's motion. First, the motion does not represent a current dispute. Mr. Stile is no longer housed at Fort Dix; he is incarcerated at Allenwood. Second, before a court may consider such a motion, Mr. Stile would have to demonstrate that he has exhausted his administrative remedies. There is nothing in the motion that suggests he did so. Mr. Stile's motion is meritless.

## III. CONCLUSION

The Court DISMISSES without prejudice James Stile's Omnibus Motion of Plaintiff (ECF No. 271), and his Motion for Disqualification of Defense Counsel Wheeler & Arey, P.A., Peter T. Marchesi and Cassandra Shaffer (ECF No. 272). The Court DENIES James Stile's Motion for Enforcement of Protective Orders & Confidentiality Orders (ECF No. 275). The Court ORDERS James Stile to file a formal notice with the Court as soon as he knows his release date from federal prison.

7

As soon as the Court knows the actual date of release, it can schedule the trial of this civil action and set deadlines for pretrial filings in anticipation of trial.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2019